IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| JOHN MATHNA,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br><br>Defendant. | Civil Action No. 1:21-cv-107 |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

Plaintiff, John Mathna, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plans, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

**PARTIES**

4. Plaintiff, John Mathna, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Hamilton County, TN.

5. Defendant Lincoln Life Assurance Company of Boston (hereinafter "Lincoln"), is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

6. Defendant Lincoln is the party obligated to pay benefits and to determine eligibility for benefits under Group Long Term Disability Policy No. GF3-850-290468-01, issued by Lincoln to Volkswagen Group of North America ("Volkswagen").

**FACTS**

7. Plaintiff was employed by Volkswagen, in its Chattanooga, TN location.

8. By virtue of his employment, Plaintiff was enrolled in the Group Insurance Plan for Employees of Volkswagen Group of American, Inc., which is an ERISA employee welfare benefit plan (the "Plan").

9. LTD Benefits under the Plan are insured by Lincoln under Group Long Term Disability Policy No. GF3-850-290468-01, issued by Lincoln to Volkswagen.

10. Plaintiff is a participant or beneficiary of the Plan.

11. Plaintiff ceased work due to a disability related to his medical conditions, including a spinal cord injury and phantom limb pain post left arm amputation, on September 24, 2019, while covered under the Plan.

12. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

13. Plaintiff timely filed an application for LTD benefits under the Plan.

14. By letter dated May 13, 2020, Lincoln denied Plaintiff's LTD claim.

15. Plaintiff appealed the termination of his benefits by letter dated November 9, 2020, supporting the appeal by providing the report of a Functional Capacity Evaluation ("FCE") dated September 24, 2020 which found him unable to engage in full-time work at any exertional level as well as the opinion of Dr. Oliver Bujak who indicated agreement with the findings of the FCE.

16. By letter dated January 21, 2021, Lincoln denied that appeal, and stated that its decision was final.

17. Plaintiff has exhausted his administrative remedies under the Plan.

18. The Plan does not contain an appropriate grant of discretion to Lincoln; therefore, the Court should review Lincoln's decision under the de novo standard of review.

19. Lincoln would pay any benefits due out of its own funds.

20. Lincoln owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

21. Lincoln was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

22. Lincoln allowed its concern over its own funds to influence its decision-making.

23. Lincoln breached its fiduciary duties to Plaintiff, including the duty of loyalty.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**


Case 1:21-cv-00107-CEA-SKL Document 1 Filed 05/19/21 Page 3 of 5 PageID #: 3

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

24. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

25. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

26. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

27. The decisions to deny benefits were wrong under the terms of the Plan.

28. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

29. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

30. The decisions to deny benefits were not supported by substantial evidence in the record.

31. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

32. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

**PRAYER FOR RELIEF**

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 18th day of May, 2021.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s/ R. Chandler Wilson*
R. Chandler Wilson (Tenn. Bar #034491)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
cwilson@buchanandisability.com