Lincoln Financial Group®

Lincoln Life Assurance Company of Boston
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (800) 291-0112
Secure Fax No.: (603) 334-0380

January 21, 2021

R.Chandler Wilson
Eric Buchanan & Associates
ATTN: R. CHANDLER WILSON
PO BOX
CHATTANOOGA, TN 37401

RE: Long Term Disability (LTD) Benefits
Volkswagen Group of America
Claim #: 9866785
Claimant: John Mathna

Dear R.Chandler Wilson:

Lincoln Life Assurance Company of Boston, a Lincoln Financial Group company, is responsible for managing claims for Long Term Disability (LTD) Benefits under Volkswagen Group of America's Long Term Disability Policy. We are writing regarding John Mathna's appeal request for Long Term Disability (LTD) Benefits under the Policy.

We reviewed Mr. Mathna's appeal request for Long Term Disability ("LTD") benefits and we are maintaining the decision to deny benefits.

**Initial Claim Decision**

Your client's last day at work occurred on September 23, 2019 and he ceased working due to a diagnoses of spinal cord injury and phantom limb pain post left arm amputation.

The date of disability was September 24, 2019, and after satisfying the 180-day elimination period under the policy benefits would have begun on March 22, 2020. Benefits were denied when the information requested was not received.

In a letter sent to Mr. Mathna dated March 27, 2020, he was advised to contact his medical providers and submit copies of all treatments notes to include test results, therapy, hospital records, operative reports, and treatment plans. The letter also requested that Mr. Mathna complete the enclosed forms, which included an authorization.

On April 9, 2020 another letter was sent to Mr. Mathna which detailed that medical records were needed from all of his treating providers, including Dr. Oliver Bujak. The letter also requested that Mr. Mathna complete and return the enclosed forms. Mr. Mathna was also advised that attempts to

reach him by telephone on March 17, 2020 and April 9, 2020 were unsuccessful. The deadline for provided the information requested was May 9, 2020.

A letter was sent dated April 18, 2020 outlining that the additional information requested including the medical records and forms were required in order to complete the claim review and render a determination.

As of May 13, 2020, all of the information requested in order to complete the review of the claim was not received. Mr. Mathna was sent a letter Dated May 13, 2020 which outlined the policy provision that required Mr. Mathna to provide proof of disability under the policy. At that time the claim was closed due to Mr. Mathna's failure to provide proof of disability.

The basis for the decision was outlined in a letter dated May 13, 2020. Mr. Mathna was provided an opportunity to request an appeal review of the denial, stating the reasons why he felt that his claim should not have been denied, and to submit additional information in support his claim. Specifically, your client was advised to submit the following information:

> *In your request for review please include the following documentation: All office notes, diagnostic test results, x-ray reports, MRI reports, CT scan reports, consulting physician reports, pharmacy records, physical and occupational therapy notes, hospital records, and discharge summaries from June 1, 2019 forward from Dr. Bujak beyond April 29, 2020, pain management providers, and any other treating providers along with any other additional information which you feel would support your claim. In addition, we need your completed Activities Questionnaire, Authorization Form, Claimant Information Form, Supplementary Statement and Training Education & Experience Form and Legible Copy of Your Driver's License.*

**<u>Appeal</u>**

On November 9, 2020 we received a letter from your office appealing Mr. Mathna's denial determination.

Prior to the November 9, 2020 appeal we received:

- A Restrictions Form completed by Dr. Oliver Bujak, dated April 29, 2020.
- Copies of medical records from Dr. Oliver Bujak, dated July 10, 2019, November 6, 2019, and April 29, 2020.

In support of your claim, you submitted the following information:

- Copies of medical records from EPHS Baroness Eerlanger Hospital, Dr. Oliver Bujak, dated July 10, 2019, November 6, 2019, April 29, 2020.
- A Functional Capacity Evaluation completed by BenchMark Physical Therapy, dated September 24, 2020.
- A form letter from Dr. Oliver Bujak agreeing with the Functional Capacity Evaluation findings, dated October 14, 2020.
- Forms completed by Mr. Mathna including, authorization, Supplementary Statement, Family Information Questionnaire, and a Training, Education, and Experience form.
- A Third-Party Authorization giving permission to speak with Diana Davies.

**Appeal Evaluation**

To provide a full and fair review of Mr. Mathna's appeal a review was completed by Dr. Lucien Parrillo who is an independent physician Board Certified in Sports Medicine and Occupational Medicine to clarify the severity of Mr. Mathna's condition and his current impairments that would preclude him from full-time employment.

The medical records in the file indicated that Mr. Mathna ceased working September 24, 2019 due to phantom limb pain and a spinal cord injury. The medical information in the file indicated that Mr. Mathna sustained a C1-C4 spinal cord injury in 1998 as a result of a motor vehicle accident. The medical information in the file also noted that Mr. Mathna underwent a left upper extremity amputation in 2002 for an unknown reason. The medical records did not indicate a recent spinal cord injury or additional extremity amputation.

Mr. Mathna was seen by Dr. Bujak on July 10, 2019 for a follow up due to mild intermittent asthma, hypertension, and left arm amputation. The plan was to provide Mr. Mathna with a new prescription for a left arm prothesis and Mr. Mathna was to continue his current asthma medications.

On November 6, 2019 Mr. Mathna was seen by Dr. Bujak for a follow up due to reports of chronic pain and a 2002 left arm amputation. The examination showed left arm prosthesis with no other significant findings. Mr. Mathna reported ongoing pain that had worsened over the last couple of months. Mr. Mathna indicated that he was not interested in a prescription of pain medication.

On April 29, 2020 Mr. Mathna was seen for a follow up with Dr. Bujak via telemedicine for chronic pain post left arm amputation (2002) and spinal cord injury (1998). There was no new injury or trauma indicated. The examination did not reveal significant abnormal findings. The plan was to consider pain management or a neurology evaluation.

The Restrictions Form completed by Dr. Bujak dated April 29, 2020 indicated that he first treated Mr. Mathna on July 10, 2019. Dr. Bujak indicated that Mr. Mathna was diagnosed with a C1-C4 spinal cord injury, phantom limb pain, and left arm amputation. Dr. Bujak indicated that due to pain he is unable to work. Dr. Bujak indicated that Mr. Mathna needed a neurology evaluation.

On September 24, 2020 Mr. Mathna underwent a Functional Capacity Evaluation at BenchMark Physical Therapy which determined that Mr. Mathna did not demonstrated the ability to perform sustained work activities over an eight-hour day. The evaluation found that Mr. Mathna was unable to sustain lower extremity activities and he was not able to walk for any sustained period of time. He would not have the ability to stand or carry for more than one to two hours total over an eight-hour workday. Mr. Mathna would be capable of occasional reaching overhead, handling with the right hand, walking, balancing, stooping, bending, sitting, and standing. Mr. Mathna would be unable maintain a kneeling or crouching position. He would require unscheduled breaks to lie down.

To provide a full and fair review of Mr. Mathna's appeal, a medical review was completed by Dr. Lucien Parrillo who is an independent physician Board Certified in Sports Medicine and Occupational Medicine. As part of the review Dr. Parrillo attempted to complete a teleconference with Dr. Oliver Bujak without success.

Dr. Parrillo's review noted in part:

> *Based on the documentation provided, I find no objective evidence to support any degree of physical impairment that would translate into medically necessary restrictions/limitations from the date of 09/24/2019 and beyond.*
>
> *While it is evident the claimant has been diagnosed/treated for several chronic medical conditions such as: Prior history of spinal cord injury (sustained in 1998), amputation of the left arm (sustained in 2002) and chronic pain syndrome (phantom limb syndrome), the objective evidence does not support any newly diagnosed conditions or worsening of existing conditions that would result in functional incapacity.*
>
> *Clinical examinations with the treating provider has not documented any new findings/focal neurological deficits that would impede physical functioning. Furthermore, there is no new diagnostic testing/imaging that would support any type of new pathology indicative of physical impairment/medically necessary restrictions/limitations.*
>
> *While the claimant did undergo a Functional Capacity Evaluation on 09/24/2020 that determined the claimant was not capable of sustaining full-time employment, there is no medical evidence to support any clear etiology for this determination. The claimant has been participating in fulltime, unrestricted work since the time of his spinal cord injury (sustained in 1998) and left arm amputation (sustained in 2002) without any mention of medically necessary restrictions/limitations. Moreover, there has been no new injuries/traumatic events/worsening of existing conditions that could explain any alteration in existing function.*
>
> *Therefore, I submit that the objective evidence does not support any degree of physical impairment that would translate into medically necessary restrictions/limitations.*

During the appeal review additional information was requested from Volkswagen Group of America. We requested a copy of Mr. Mathna's job description, confirmation of his date last worked, if he had been working with working full-time in his own job prior to his last date worked, and if Mr. Mathna had been working full-time in his own job with accommodations.

We received a copy of Mr. Mathna's job description which showed that he had been working as a vehicle delivery center manager prior to his date last worked. Volkswagen Group of America indicated that Mr. Mathna had been working full-time as a vehicle delivery center manager without accommodations. Mr. Mathna's last date at work was September 23, 2020 at which time Volkswagen Group of America placed him on a paid suspension effective September 24, 2020. Mr. Mathna's employment was terminated on October 9, 2019. Volkswagen Group of America indicated that as of September 24, 2020 he was on a paid suspension and he did not stop working for a medical leave.

To afford Mr. Mathna's claim every consideration, on December 17, 2020, we sent a copy of the information received from Volkswagen Group of America and a copy of the medical review completed by Dr. Lucien Parrillo who is an independent physician Board Certified in Sports Medicine and Occupational Medicine. We afforded you and Mr. Mathna with the opportunity to review these reports and to provide any comments you and Mr. Mathna wished to have considered.

To date, we have not received a response from your or Mr. Mathna or additional information.

The information in the file indicated that Mr. Mathna stopped working due to phantom limb pain and a spinal cord injury. A review of the file found that Mr. Mathna has a history of a motor vehicle accident which resulted in a C1-C4 spinal cord injury in 1998. Mr. Mathna later underwent a left upper extremity amputation in 2002 as a result of an unknown reason. Mr. Mathna stopped working with a date last worked of September 23, 2019. He reported that he stopped working due to his disabling condition; however, Volkswagen Group of America has indicated that he was placed on suspension, unrelated to a medical condition, effective September 24, 2019. The information in the file does not indicate that Mr. Mathna was seen by a provider on or around his date late worked, September 23, 2019.

Mr. Mathna and his provider have indicated that he stopped working due to phantom limb pain and a spinal cord injury. However, the information in the file shows that the spinal cord injury occurred in 1998 and there is no information in the file to suggest that he has incurred any new spinal cord injury or that there has been a change in his condition. The information also indicated that Mr. Mathna is experiencing phantom limb pain; however, the file shows that he underwent a left upper extremity amputation in 2002 and he has continued to perform the main duties of his own occupation since 2002 without any accommodations. The medical information does not indicate that there has been a change in his condition as it relates to his left upper extremity amputation.

The information from Volkswagen Group of America indicated that Mr. Mathna stopped working due to a work-related suspension and not as a result of a medical condition. Volkswagen Group of America also indicated that prior to his date last worked, September 23, 2019, he was performing his own occupation full-time without accommodations.

Mr. Mathna underwent a Functional Capacity Evaluation that stated that he would be unable to sustain full-time work, and his provider has indicated that he is unable to work. However, there is no medical evidence to support a change in his condition or a newly diagnosed condition that would support these findings.

Based on the appeal review findings we maintain that the additional information does not offer sufficient medical evidence to validate functional impairments that would support Mr. Mathna's inability to perform his own occupation, and Mr. Mathna does not meet Volkswagen Group of America's Long Term Disability Policy's definition of disability.

Our role in reviewing Mr. Mathna's file is to determine whether his medical condition and the medical documentation contained in his file supports that he is unable to perform the material and substantial duties of his own occupation beyond September 24, 2019. We are not required to ensure the availability of this occupation or that his return to active employment with his former employer in the same or different position.

**Conclusion**

We conducted a thorough and independent review of your entire claim. In summary, we acknowledge that Mr. Mathna may have continued to experience some symptoms associated with his condition beyond September 24, 2019. However, the information does not contain exam findings, diagnostic test results or other forms of medical documentation supporting your client's impairments

and symptoms have remained of such severity that they resulted in restrictions or limitations rendering your client unable to perform the duties of your client's own occupation after that date.

Having carefully considered all of the information submitted in support of Mr. Mathna's claim, our position remains that proof of Mr. Mathna's continued disability in accordance with the Policy provisions after September 24, 2019 has not been provided. Therefore, no benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions. No internal rules, guidelines, protocols, standards or other similar criteria were relied upon in rendering the claim determination.

**Policy Provisions**

In order to continue receiving benefits, your cleint must satisfy the requirements of all Policy provisions that state, in part:

> ***"Disability"*** *or* ***"Disabled"*** *means:*
>
> 1. *For persons other than pilots, co-pilots, and crewmembers of an aircraft:*
>
>    i. *that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
>
>    ii. *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*
>
> 1. *With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:*
>
> ***"Disability"*** *or* ***"Disabled"*** *means as a result of Injury or Sickness the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, your client was entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information your client wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of your client's appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your client's administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your client's claim will remain closed. Your client may request to receive, free of charge, copies of all documents relevant to your client's claim. Your client has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

The Volkswagen Group of America Long Term Disability Policy contains the below provision:

> ***Legal Proceedings***
> *A claimant or the claimant's authorized representative cannot start any legal action:*

*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

If your client's plan is subject to ERISA, your client may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your client's local U.S. Department of Labor Office or your client's state insurance regulatory agency. In addition, once all required reviews of your client's claim have been completed, your client has the right to bring a civil action under applicable law. Your client's employer's plan has a contractual limitations period of three years, which means that a lawsuit must be brought within three years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is June 20, 2023.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in Volkswagen Group of America's Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If your client requires language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your client's claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以便了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłį́į' dóó ná'ookąąh nííní'ą́ągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtį́įł nínízingo doo bą́ąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Sherri Vance
Claims Specialist, Appeals
Phone No.: (800) 423-2765 Ext. 7970
Secure Fax No.: (603) 334-0380